IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GERALD L. AIKENS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 24-1207-CFC-EGT |
| | ) |
| NEW CASTLE COUNTY SUPERIOR | ) |
| COURT et al., | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

Plaintiff Gerald L. Aikens filed his original Complaint on October 30, 2024, which he amended on November 15, 2024. (D.I. 2 & 5; *see also* D.I. 7). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4). The Court proceeds to screen the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons set forth below, the Court recommends that the Amended Complaint be DISMISSED WITH PREJUDICE.

**I.   BACKGROUND**

According to the Amended Complaint, Plaintiff's *Miranda* rights were never read to him (at an unspecified time), a magistrate (who is unnamed) entered a plea on Plaintiff's behalf against his apparent wishes and another judicial officer falsely accused Plaintiff of wanting a jury trial.[1] (D.I. 5 at 4-5). Plaintiff also alleges that there was "people nullification" when he refused to enter his plea and, further, that "there must be an injured party" in order for a crime to exist. (*Id.* at 5). Plaintiff has sued the State of Delaware and New Castle County Superior Court. (*Id.* at 1-2). And

---

[1]   Plaintiff asserts that these acts are violations of due process rights guaranteed by the Delaware Constitution. (D.I. 5 at 3). Because Plaintiff attempts to assert claims in this Court pursuant to federal-question jurisdiction (*id.*), the Court will analyze his claims under the rights conferred by the United States Constitution.

despite omitting the judicial officers as named defendants, Plaintiff also appears to assert individual claims against them for their roles in the described events.

## II.   LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and view them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of § 1915, however, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Ad. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" entitlement to relief. *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)). Determining whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III.   DISCUSSION

#### A.   Sovereign Immunity

Plaintiff attempts to bring claims against the State of Delaware and New Castle County Superior Court. (D.I. 5 at 1-2). But these entities are immune from suit under the Eleventh Amendment. *See Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974) ("[A]n unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State."); *see also Brooks-McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. 2007) (applying Eleventh Amendment immunity to Delaware Court of Chancery); *Mongtomery v. Verechia*, C.A. No. 20-817 (MN), 2020 WL 7397004, at *5 (D. Del. Dec. 17, 2020) ("[T]he Superior Court of the State of Delaware is a state entity and has Eleventh Amendment immunity."). Although a state's

sovereign immunity may be waived or abrogated by Congress, neither has occurred here. Therefore, the Court recommends that these claims be dismissed pursuant to §§ 1915(e)(2)(B)(i) & (iii). And because amendment would be futile, dismissal as to the State of Delaware and New Castle County Superior Court should be with prejudice.

### B.     Judicial Immunity

Although he does not formally name them as defendants, Plaintiff appears to assert claims against two judicial officers. The first is an unnamed "magistrate" who entered a plea of not guilty on Plaintiff's behalf when he declined to do so himself. (D.I. 5 at 4). The other is Lynne Parker, a Commissioner of Delaware Superior Court, who purportedly falsely accused Plaintiff of wanting a jury trial. (*Id.*). "A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006). A judge may be deprived of this immunity only if they "acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 357 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)).

Plaintiff does not plead any facts to plausibly suggest that either judicial officer acted in the clear absence of all jurisdiction. (D.I. 3). And the Court does not believe any such facts exist, particularly given that both were presiding over Plaintiff's criminal proceedings in a judicial capacity. Moreover, as to the unnamed "magistrate," Delaware state court criminal rules provide that the court "shall enter a plea of not guilty" if a defendant refuses to plead. *See, e.g.*, DEL. SUPER. CT. R. CRIM. P. 11(a)(1); DEL. J.P. CT. R. CRIM. P. 11(a)(1).[2] That is precisely what happened here. (*See* D.I. 5 at 4 (Plaintiff alleging that the "magistrate . . . plead[ed] on [his] behalf against [his] wishes to not plead"); *see also id.* at 5 ("The people nullification was in [e]ffect when

---

2     It is not clear whether the judicial officer is a magistrate in the Justice of the Peace Court or a commissioner in Superior Court.

4

I refused to enter a plea . . . .")).  Because neither judicial officer acted in the clear absence of all jurisdiction, they both enjoy immunity for the conduct complained of here.

The unnamed "magistrate" and Commissioner Parker are immune from suit and the Court recommends that the claims against them be dismissed as frivolous pursuant to §§ 1915(e)(2)(B)(i) & (iii).  Because amendment would be futile, this dismissal should also be with prejudice.

### C. *Miranda* Rights

In this civil case, Plaintiff alleges generically that his *Miranda* rights were never read to him in connection with some unspecified criminal charge(s). (D.I. 5 at 4).[3] But *Miranda* violations do not give rise to a standalone claim under federal law. *See Vega v. Tekoh*, 597 U.S. 134, 152 (2022) ("[A] violation of *Miranda* is not itself a violation of the Fifth Amendment, and . . . we see no justification for expanding *Miranda* to confer a right to sue under § 1983 . . . ."); *see also Gagnon v. Koza*, C.A. No. 24-5814, 2024 WL 4988976, at *3 (E.D. Pa. Dec. 4, 2024) (dismissing with prejudice Plaintiff's § 1983 claim based on alleged *Miranda* violation).  The Court therefore recommends this claim be dismissed with prejudice pursuant to §§ 1915(e)(2)(B)(i) & (iii).

### IV. CONCLUSION

For the foregoing reasons, the Court recommends that the Amended Complaint (D.I. 5) be DISMISSED WITH PREJUDICE.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b)(1) and District of Delaware Local Rule 72.1.  Any objections to the Report and Recommendation shall be limited to ten (10) double-spaced pages and filed within fourteen (14) days after being served with a copy of this Report and Recommendation.  *See* FED.

---

[3] Plaintiff does not indicate who failed to provide him with his *Miranda* rights before questioning or the reason for the questioning – or how any statements were used against him in any criminal proceeding.

5

R. CIV. P. 72(b)(2); *see also* FED. R. CIV. P. 6(d). Failure of a party to object to legal conclusions may result in the loss of the right to *de novo* review in the District Court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987).

Parties are directed to the court's "Standing Order for Objections Filed Under Fed. R. Civ. P. 72," dated March 7, 2022, a copy of which is available on the court's website, https://www.ded.uscourts.gov.

Dated: April 3, 2025

_____
UNITED STATES MAGISTRATE JUDGE